UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
RONNIE SANDERS,

                              Plaintiff,                        **COMPLAINT**

    -against-                                          JURY TRIAL DEMANDED

THE CITY OF NEW YORK, LEONARD CLARKE,
TEARLE CONNELL, and SHAE L. JACKSON,

                              Defendants.
-------------------------------------------------------------------------x

        Plaintiff, RONNIE SANDERS, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

        1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

        2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

        3.    Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

4. Plaintiff RONNIE SANDERS is 33 years old and at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Kings. He is of African-American ancestry.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants CLARKE, CONNELL, and JACKSON are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants CLARKE, CONNELL, and JACKSON are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants CLARKE, CONNELL, and JACKSON are sued individually.

## STATEMENT OF FACTS

8. On September 25, 2013, at approximately 6 p.m., in the County of Kings, Defendant Police Officers CLARKE, CONNELL, and JACKSON were on patrol in plain-clothes and in an unmarked vehicle within the confines of the 67th Precinct. At that time Plaintiff SANDERS girlfriend told him that his friend Jacob Bell was being attacked by four cops. Mr. Bell exited his apartment at 322 Rockaway Parkway to observe what was happening.

9. Video footage of the confrontation shows the Defendant officers violently accosting and ultimately arresting Mr. Bell. Once Bell is detained the officers then approach Plaintiff SANDERS, who is observed doing absolutely nothing on the video, and placing him under arrest. SANDERS is charged with Obstructing Governmental Administration, Attempted Assault, Disorderly Conduct, and Harassment.

10. Defendant CLARKE alleged in a sworn statement that while he was attempting to arrest Mr. Bell for possession of crack cocaine Plaintiff SANDERS approached CLARKE who told him to "stand back". CLARKE further alleged that Plaintiff SANDERS refused and responded by saying "fuck off, mind your business, fuck these pigs".

11. Defendant CONNELL alleged in a sworn statement that Plaintiff SANDERS approached CONNELL and "squared and swung" at him and then resisted

arrest by flailing his arms, refusing to put his arms behind his back, and struggling with informant.

12. Video footage of the incident clearly shows SANDERS calmly watching the arrest of Bell and then, when approached by CONNELL, calmly placing his hands behind his back and being arrested; albeit for no apparent reason. The footage also shows that CLARKE lied about the incident as well in that SANDERS never approached or cursed at CLARKE.

13. On February 25, 2014 the SANDERS consented to an Adjournment in Contemplation of Dismissal and all charges have since been dismissed by the criminal court.

14. Defendant CLARKE has a lengthy history of claims against him in this Court for violating the civil rights of arrestees. *Derisse v. City of New York*, 12-cv-5192; *St. Hilliare v. City of New York*, 12-cv-4786; *Michel v. City of New York*, 09-cv-2205; *Johnson v. City of New York*, 09-cv-2202; *Hutchinson v. City of New York*, 09-cv-1175; *Mondesir v. City of New York*, 10-cv-3558. Thus the City of New York is on notice as to Clarke's propensity to violate civil rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Liability of Defendant the City of
New York for Constitutional Violations)

15. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

16. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants CLARKE,

CONNELL, and JACKSON had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

17. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants CLARKE, CONNELL, and JACKSON had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendant. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Falsification of Evidence)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By their actions in deliberately committing perjury related to the circumstances of the arrest of Plaintiff, Defendants CLARKE, CONNELL, and JACKSON falsified evidence against Plaintiff.

21. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest)

22. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

23. By their actions Defendants CLARKE, CONNELL, and JACKSON falsely arrested plaintiff.

24. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants[1]:

    a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollasrs)

    b. Punitive damages in the amount of $2,000,000.00 (Three Million Dollars)

    c. Costs and interest and attorneys fees.

    d. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       January 13, 2015

Yours, etc.,

SCOTT G. CERBIN, ESQ., PLLC
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 596-1829

---

[1] Punitive damages are only sought against the individual defendant's.